# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRED ZINSER,

    Plaintiff,

v.

DANIEL DAWSON et al.,

    Defendants.

2:15-cv-636-LDG-PAL

**ORDER**

## I. DISCUSSION

On April 6, 2015, Plaintiff, a *pro se* prisoner, initiated this action by filing a motion to add pages to his 42 U.S.C. § 1983 civil rights complaint, but did not submit an actual complaint. (ECF No. 1). Plaintiff did not file an application to proceed *in forma pauperis* or pay the full filing fee for this matter. On April 15, 2015, this Court issued an order directing Plaintiff to submit a complaint within 30 days from the date of that order and to either file an application to proceed *in forma pauperis* or pay the full $400 for filing a civil action. (ECF No. 2 at 2).

On April 23, 2015, Plaintiff filed a motion to increase his prison copy work debt limit. (ECF No. 3). On April 24, 2015, Plaintiff filed a motion to extend the time limit on filing his complaint. (ECF No. 4). Plaintiff states that he has not sent in his complaint because he is "still in the administrative exhaustion process" and seeks an extension to file his civil rights complaint when he has completed the exhaustion process. (*Id.* at 1).

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). The exhaustion requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Ninth Circuit has held that

prisoners must exhaust their administrative remedies prior to filing suit, not during the pendency of the suit. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). The Ninth Circuit has held that when a prisoner files a lawsuit prior to exhausting his administrative remedies, the court must dismiss the complaint without prejudice. *Id.* at 1200-01.

Pursuant to Ninth Circuit law, the Court now dismisses this case without prejudice. Once Plaintiff has exhausted his administrative remedies he may initiate a new lawsuit by filing a complaint and an application to proceed *in forma pauperis*.

**II.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the motion to increase copy work limit (ECF No. 3) is denied as moot.

IT IS FURTHER ORDERED that the motion to extend time limit on filing civil complaint (ECF No. 4) is denied.

IT IS FURTHER ORDERED that this case is dismissed without prejudice to provide Plaintiff with the opportunity to exhaust his administrative remedies prior to initiating a lawsuit.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED: This 27 day of April, 2015.

_____
United States District Judge